**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| G. A. BRAUN, INC. | |
| Plaintiff, | Civil Action No. 1:21-cv-01147 |
| v. | Judge: Hon. Sara L. Ellis |
| ELLIS CORPORATION, | Magistrate Judge: Hon. Susan E. Cox |
| Defendant. | |

**JOINT INITIAL STATUS REPORT**

Consistent with Fed. R. Civ. Proc. 26(f), Local Rule 26.1, Local Patent Rule 1.2, and this Court's Order dated March 22, 2021 (Dkt. 6), Plaintiff G. A. BRAUN, INC. ("Braun") and defendant Ellis Corporation ("Ellis") jointly submit the following initial status report.

1.      **The Nature of the Case**

   **A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

| **Counsel for Plaintiff Braun** | **Counsel for Defendant Ellis** |
|---|---|
| George R. McGuire<br>Frederick J.M. Price<br>BOND, SCHOENECK & KING PLLC<br>One Lincoln Center<br>Syracuse, New York 13202<br>Telephone: (315) 218-8515<br>Email: mcguirg@bsk.com<br>Email: fjprice@bsk.com<br><br>Carrie A. Beyer<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>191 North Wacker Dr., Suite 3700<br>Chicago, IL 60606<br>Telephone: (312) 569-1000<br>Email: carrie.beyer@faegredrinker.com | David M. Airan (Lead Trial Attorney)<br>Maxwell B. Snow<br>LEYDIG, VOI T & MAYER, LTD.<br>180 N. Stetson, Suite 4900<br>Chicago, IL 60601<br>Telephone: 312-616-5600<br>Email: dairan@leydig.com<br>Email: msnow@leydig.com |

   **B. The nature of the claims asserted in the complaint and any expected counterclaim.**

   Plaintiff Braun asserts that Defendant Ellis infringes U.S. Pat No. 9,840,802 (the "Asserted Patent") by manufacturing, using, offering to sell, selling, and/or importing infringing products without authority from Braun.

   Defendant Ellis denies that it infringes any valid claim of the Asserted Patent. Ellis expects to file counterclaims alleging, at least, that the claims of the Asserted Patent are not infringed and invalid.

   **C. Briefly identify the major legal and factual issues in the case.**

   The major legal and factual issues in this case include:

   (1) Whether Defendant infringes at least claim 5 of the Asserted Patent.

   (2) Whether at least claim 5 of the Asserted Patent is invalid.

   (3) Whether the Asserted Patent is enforceable.

   (4) A proper measurement of damages for the alleged infringement.

(5) Whether this case should be found exceptional under 35 U.S.C. § 285.

**D. State the relief sought by the parties.**

Plaintiff Braun seeks the following relief:

(1) A judgment that Defendant has infringed and is infringing the Asserted Patent;

(2) A permanent injunction against Defendant and its affiliates, subsidiaries, assigns, employees, agents or anyone acting in privity or concert from infringing the Patent-in-Suit, including enjoining the making, offering to sell, selling, using, or importing into the United States products claimed in any of the claims of the Patent-in-Suit; and in the event that permanent injunctive relief is not awarded, then alternative equitable relief in the form of, at least, a continuing royalty with rights to periodic accountings;

(3) An award of damages adequate to compensate Braun for Defendant's patent infringement, and an accounting to adequately compensate Braun for the infringement, including, but not limited to, lost profits and/or a reasonable royalty;

(4) An award of treble damages pursuant to the extent permissible by law;

(5) An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

(6) An order finding that this is an exceptional case and awarding Braun its costs, expenses, disbursements, and reasonable attorneys' fees related to Defendant's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

(7) Such other further relief, in law or equity, as this Court deems just and proper.

Defendant Ellis will seek the following relief in a Final Judgment:

(1) Dismissal of the Complaint with prejudice in Defendant's favor and against Plaintiff/Counterclaim-Defendant;

(2) Denying each request for relief made by Plaintiff;

(3) Declaring that Ellis has not infringed and is not liable for infringing any claim of the Asserted Patent;

(4) Declaring that the claims of the Asserted Patent are invalid;

(5) Declaring that this case is exceptional case and awarding Ellis its costs, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

(6) Awarding such other and further relief, in law or equity, as this Court deems just and proper.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the Plaintiff's claims.**

   A. **Identify all federal statutes on which federal question jurisdiction is based.**

   Plaintiff Braun's Statement: This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

   Defendant Ellis's Statement: The complaint purports to state a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, and therefore, that the Court would have subject matter jurisdiction 28 U.S.C. §§ 1331 and 1338. The Court further will have subject matter jurisdiction over Defendant's expected counterclaims under 28 U.S.C. §§ 2201 and 2202 and 28 U.S.C. § 1367.

3. **Status of Service: Identify any defendants that have not been served.**

   All defendants have been served.

4. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do <u>NOT</u> report whether individual parties have so consented.**

   Counsel has advised the parties that they may proceed before a Magistrate Judge. The parties have not unanimously consented to proceed before a Magistrate Judge.

5. **Motions:**

   A. **Briefly describe any pending motions.**

   There are no motions pending at this time.

   B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

   Defendant anticipates filing an answer on or by April 26, 2021.

6. **Case Plan:**

   The parties submit the following a proposal for a case schedule and discovery plan: See Attached **Appendix A**, which sets forth the Parties proposed case schedule and discovery plan pursuant to Local Patent Rule 1.2.

7. **Status of Settlement Discussions:**

   A. **Indicate whether any settlement discussions have occurred.**

   Settlement discussions have occurred.

   B. **Describe the status of any settlement discussions.**

   Both parties have exchanged settlement proposals/counterproposals, but settlement discussions have stalled.

   C. **Whether the parties request a settlement conference.**

   The parties believe that a referral to a Magistrate Judge for a settlement conference may be beneficial at an appropriate time.


Dated: April 22, 2021                     Respectfully submitted,

                                                            By: /Carrie A. Beyer/
George R. McGuire
Frederick J.M. Price
BOND, SCHOENECK & KING PLLC
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8515
Email: mcguirg@bsk.com
Email: fjprice@bsk.com

Carrie A. Beyer
FAEGRE DRINKER BIDDLE & REATH LLP
191 North Wacker Dr., Suite 3700
Chicago, IL 60606
Telephone: (312) 569-1000
Email: carrie.beyer@faegredrinker.com


LEYDIG, VOIT & MAYER, LTD.

By: /David M. Airan/
180 North Stetson Avenue, Suite 4900
Chicago, Illinois 60601
Tel.: 312.616.5600
Fax: 312.616.5700

5

        dairan@leydig.com

        Maxwell B. Snow
        180 North Stetson Avenue, Suite 4900
        Chicago, Illinois 60601
        Tel.: 312.616.5600
        Fax: 312.616.5700
        msnow@leydig.com