**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| G. A. BRAUN, INC. | |
| Plaintiff, | Civil Action No. 1:21-cv-01147 |
| v. | Judge: Hon. Sara L. Ellis |
| ELLIS CORPORATION, | Magistrate Judge: Hon. Susan E. Cox |
| Defendant. | |

**APPENDIX A TO THE JOINT INITIAL STATUS REPORT**

REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference from April 14–April 22 by email:

> George R. McGuire, Frederick Price, and Carrie A. Beyer, representing Plaintiff G.A. Braun, Inc. ("Braun"), and
>
> David Airan and Maxwell Snow, representing Defendant Ellis Corporation ("Ellis").

2. Initial Disclosures. The parties will complete by May 31, 2021, the initial disclosures required by Rule 26(a)(1).

3. Disclosures and Discovery Pursuant to Local Patent Rules. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4. Additional Discovery Plan. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

> (a) Maximum number of interrogatories by each party to another party, along with the dates the answers are due, shall be governed by Fed. R. Civ. P. 33.
>
> (b) Maximum number of requests for admission shall be 100. Responses to such requests shall by governed by Fed. R. Civ. P. 36. Requests for admission that authenticate documents do not count against the maximum number of 100.
>
> (c) Maximum number of factual depositions by each party shall be governed by Fed. R. Civ. P. 30.
>
> (d) Limits on the length of depositions, in hours, shall be governed by Fed. R. Civ. P. 30.
>
> (e) Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5.     Alternative Discovery Plan. The parties propose a discovery plan that differs from that provided in the Local Patent Rules, as indicated below:

| Event | Proposed |
|---|---|
| Discovery Opens | 10-May-21 |
| Rule 26(a)(1) Disclosures | 31-May-21 |
| LPR 2.1 Disclosures | 31-May-21 |
| LPR 2.2 Initial Infringement Contentions | 30-Jun-21 |
| LPR 2.3 Initial Non-Infringement and Invalidity Contentions | 30-Jul-21 |
| LPR 2.5 Initial Response to Non-Infringement and Invalidity Contentions | 30-Aug-21 |
| LPR 3.1 Final Infringement Contentions (Stage (1)) | 10-Dec-21 |
| LPR 3.1 Final Infringement Contentions (Stage (2)), and Final Unenforceability and Invalidity Contentions | 14-Jan-22 |
| LPR 3.2 Final Non-Infringement Contentions and Final Enforceability and Validity Contentions | 11-Feb-22 |
| LPR 4.1 Exchange of Claim Terms for Construction | 25-Feb-22 |
| LPR 4.2 Opening Claim Construction Brief | 1-Apr-22 |
| LPR 4.2 Responsive Claim Construction Brief | 29-Apr-22 |
| LPR 4.2 Reply Claim Construction Brief | 13-May-22 |
| LPR 4.2 Joint Claim Construction Chart | 20-May-22 |
| LPR 4.3 Claim Construction Hearing | 17-Jun-22 |
| Close of Fact Discovery | 6 Weeks After CC Order |
| Opening Expert Reports | TBD |
| Rebuttal Expert Reports | TBD |
| Close of Expert Discovery | TBD |
| Dispositive Motions | TBD |

6. Other Dates:

   (a) Fed. R. Civ. P. 26(e) shall govern supplementation of all discovery responses.

   (b) The parties do not ask to meet with the court before a scheduling order.

   (c) The parties do not have any specific requested dates for pretrial conferences at this time.

   (d) Final dates for the plaintiff to amend pleadings or to join parties shall be August 30, 2021.

   (e) Final dates for the defendant to amend pleadings or to join parties shall be September 30, 2021.

   (f), (g) Rule 26(a)(3) shall govern pretrial disclosures.

7. Other Items:

   (a) Both parties have exchanged settlement proposals/counterproposals, but settlement discussions have stalled.

   (b) A referral to a Magistrate Judge for a settlement conference may be beneficial at an appropriate time.

   (c) Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

   (d) In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

   (e) The parties agree the video ""The Patent Process: An Overview for Jurors" or any subsequent version of same distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

   (f) The parties agree that the provisions of Sections 3A, B and C of the America Invents Act concerning the revisions to 35 U.S.C. §§102, 103 apply to all patents-in-suit in this case.

   (g) Per Local Patent Rule 3.5(b), the parties state with respect to each patent-in-suit (only U.S. Patent No. 9,840,802 ("the '802 patent")):

      (1) The '802 patent is eligible to be challenged at the USPTO by defendant Ellis.

A-4

(2) Ellis may challenge the asserted Braun patent through *inter partes* review and *ex parte* reexamination.

(3) There is not a limitation on the earliest date for an *inter partes* review or an *ex parte* reexamination; the latest date for Ellis to file a petition for an *inter partes* review is March 5, 2022; and the latest date for an *ex parte* reexamination is during the period of enforceability of the asserted Braun patent.

(4) The '802 patent has not been the subject of prior USPTO review.

(5) Braun filed a lawsuit alleging infringement of the '802 patent in this District Court on July 24, 2020 as Civil Action No. 1:20-cv-04368 (N.D. Ill.) ("the '368 Action"). The '368 Action was docketed to the Hon. Virginia Mary Kendall. Without having served the complaint and without Ellis having waived service of the complaint, Braun filed a Notice of Voluntary Dismissal of the '368 Action on October 15, 2020. On October 16, 2020, Judge Kendall dismissed the '368 Action without prejudice.

(h) N/A.

(i) N/A.

Jointly and respectfully submitted,

Dated: April 22, 2021

By: /Carrie A. Beyer/
George R. McGuire
Frederick J.M. Price
BOND, SCHOENECK & KING PLLC
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8515
Email: mcguirg@bsk.com
Email: fjprice@bsk.com

Carrie A. Beyer
FAEGRE DRINKER BIDDLE & REATH LLP
191 North Wacker Dr., Suite 3700
Chicago, IL 60606
Telephone: (312) 569-1000
Email: carrie.beyer@faegredrinker.com

LEYDIG, VOIT & MAYER, LTD.

By: /David M. Airan/
180 North Stetson Avenue, Suite 4900
Chicago, Illinois 60601
Tel.: 312.616.5600
Fax: 312.616.5700
dairan@leydig.com

Maxwell B. Snow
180 North Stetson Avenue, Suite 4900
Chicago, Illinois 60601
Tel.: 312.616.5600
Fax: 312.616.5700
msnow@leydig.com